# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

WILIAN TAMAYO-AGUILAR,         )
                                        )

     Petitioner,                 )
                                        )

v.                                )     Case No. CIV-26-511-D
                                        )

UNITED STATES DISTRICT COURT, et al.,   )
                                        )

     Respondents.              )

## ORDER

Petitioner Wilian Tamayo-Aguilar filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Cuba who entered the United States in June 2022. Petitioner was released on his own recognizance and has since applied for asylum.

Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE) on February 16, 2026, and his removal proceedings are ongoing. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma, and is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner alleges his detention violates the Immigration and Nationality Act (INA).

The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On April 17, 2026, Judge Stephens issued a Report and Recommendation [Doc. No. 11]. Judge Stephens liberally construed the Petition to contest Petitioner's detention without any bond hearing and to seek a bond hearing. The magistrate judge recommends that the Court grant

1

in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely objection to the Report and Recommendation [Doc. No. 12], arguing that Petitioner has inadequately presented his claim. The Court agrees with the magistrate judge that, liberally construing the Petition, Petitioner has adequately presented his claim alleging violations of the INA.

In previously construing § 1225(b)(2)(A), the undersigned has repeatedly concluded that the subsection "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control." *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025). This conclusion is in accord with *Santillan Quiroz*, in which the Tenth Circuit held that "§ 1225(b)(2)(A)'s application is limited to the border."[1] *See Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709, at *8 (10th Cir. June 30, 2026). Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Santillan Quiroz*, 2026 WL 1876709, at *7 ("The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United

---

[1] As noted by the Tenth Circuit, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who, like Santillan Quiroz, are found in the country's interior." *Santillan Quiroz*, 2026 WL 1876709, at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), and *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026)); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.").

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at \*5; *Malacidze*, 2026 WL 227155, at \*3. Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.[2] *See Santillan Quiroz*, 2026 WL 1876709, at \*17 n.13 (directing district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein. Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), **within 7 days of the date of this Order**, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 14th day of July, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

3